**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASWINDER SINGH BILLING, | No. 12-70762 |
| Petitioner, | Agency No. A075-307-053 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2016**
San Francisco, California

Before: WALLACE and KOZINSKI, Circuit Judges, and WHALEY,*** Senior
District Judge.

　　Jaswinder Singh Billing, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' (Board) order dismissing his appeal from an

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

　　　***　　The Honorable Robert H. Whaley, Senior District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

immigration judge's (IJ) decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

In this pre-REAL ID Act case, the Board must identify a "specific, cogent reason" supporting its adverse credibility finding. *Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir. 2001). At least one of the reasons that gave rise to the adverse credibility finding must "go to the heart of [the] asylum claim." *Id.* at 1043 (internal quotation marks omitted).

Substantial evidence supports the agency's adverse credibility determination. *See id.* at 1042. Billing's testimony was internally inconsistent and conflicted with information provided by Billing's father. The Board reasonably determined that Billing had not credibly established essential facts relating to his arrests and the events leading up to his departure from India, and we may not reverse the Board's decision unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The events leading up to Billing's departure from India are at the heart of his claim for asylum. In the absence of credible testimony, Billing's claims for asylum and withholding of removal fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Billing's CAT claim is based on his own testimony and country background evidence. The Board determined that Billing's country background evidence did not independently support his claim for CAT relief, and Billing does not contest that determination on appeal. The only remaining evidence in support of Billing's CAT claim is testimony that was found to be not credible. Thus, the Board's rejection of his CAT claim was supported by substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**